Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000290
12-JUN-2019
07:46 AM

NO. CAAP-18-0000290

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
LEE Y. MYERS, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DTC-17-055308)

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Reifurth and Chan, JJ.)

Defendant-Appellant Lee Y. Myers (**Myers**) appeals from a
Notice of Entry of Judgment and/or Order and Plea/Judgment
(**Judgment**), entered by the District Court of the First Circuit,
Honolulu Division (**district court**),[1] on March 9, 2018, which
denied her "Motion to Impose Monetary Sanctions Upon the
Prosecuting Attorneys Who Appeared in This Case for Failure to
Investigate and Determine that Probable Cause is Lacking" (**Motion
for Sanctions**) and dismissed the case with prejudice. Plaintiff-
Appellee State of Hawai'i (**State**) had charged Myers with

---

[1] The Honorable William M. Domingo entered the Judgment.

Accidents Involving Damage to Vehicle or Property, in violation of Hawaii Revised Statutes (**HRS**) § 291C-13 (Supp. 2018).[2]

Myers argues the district court abused its discretion by denying her Motion for Sanctions because the State refused to examine her vehicle and consider that evidence in deciding whether to continue prosecuting her.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, we resolve Myers's point of error as follows and affirm.

Myers contends the prosecution violated Rule 3.8(a) of the Hawaii Rules of Professional Conduct (**HRPC**) and committed malicious prosecution by refusing to investigate Myers's claim, made during certain court hearings, that her vehicle bore no mark in the area where it would have made contact with the complainant's vehicle. Myers had asserted that the deputy prosecutor should have gone to inspect her car, which was apparently in the vicinity of the district court during one of the hearings.

We review the district court's denial of sanctions against the prosecution for abuse of discretion.

> [R]egardless whether sanctions are imposed pursuant to statute, circuit court rule, or the trial court's inherent powers, such awards are reviewed for an abuse of discretion. A court abuses its discretion whenever it exceeds the bounds of reason or disregards rules or principles of law or practice to the substantial detriment of a party.

State v. Adam, 97 Hawai'i 475, 481, 40 P.3d 877, 883 (2002) (citation omitted).

---

[2] HRS § 291C-13 provides, in relevant part:

> **§ 291C-13 Accidents involving damage to vehicle or property.** The driver of any vehicle involved in an accident resulting only in damage to a vehicle or other property that is driven or attended by any person shall immediately stop such vehicle at the scene of the accident or as close thereto as possible, but shall forthwith return to, and in every event shall remain at, the scene of the accident until the driver has fulfilled the requirements of section 291C-14.

HRPC Rule 3.8(a) provides that "[a] public prosecutor . . . shall . . . not institute or cause to be instituted criminal charges when the prosecutor . . . knows or it is obvious that the charges are not supported by probable cause[.]"

In *Arquette v. State*, 128 Hawai'i 423, 290 P.3d 493 (2012), the Hawai'i Supreme Court explained:

> [t]he standard for continuing a malicious prosecution would be (1) that the prior proceedings were terminated in the plaintiff's favor, (2) that the prior proceedings were maintained without probable cause, and (3) that the prior proceedings were *maintained* with malice. Hence, a claim for continuation of malicious prosecution could be brought under circumstances in which an attorney has taken affirmative action toward continuance of a prosecution, despite the fact that the attorney knows he or she lacks probable cause to do so, and that the attorney is motivated by malice.
>
> . . . .
>
> Probable cause in a malicious prosecution action depends not on the actual state of the facts but upon the honest and reasonable belief of the party commencing the action.
>
> . . . .
>
> The determination as to whether a particular party had probable cause is both a subjective and objective question. The first question is whether the party had the subjective belief that he or she possessed probable cause in the underlying action. The second question is whether that belief was reasonable.

*Id.* at 433-34, 290 P.3d at 503-04 (citations, quotation marks, and brackets omitted).[3]

The police reports in the record indicate the complainant reported that on June 1, 2017, on the H1 freeway by a Pearl City cut off, the driver of a vehicle with license plate number SVA 706 side swiped his vehicle and then sped off. The incident resulted in damage to the front passenger side bumper and fender of the complainant's vehicle. On June 23, 2017, Myers was questioned about the incident, and she stated she was driving her vehicle, bearing license plate number SVA 706, on June 1, 2017, in the area of Pearl City. The police report states that

---

[3] *Arquette* set forth standards applicable in a tort action, not a motion for sanctions against a prosecutor. However, we view the standards in *Arquette* as helpful in guiding a court whether to exercise its inherent powers to sanction a prosecutor as requested in this case.

Myers's vehicle had "light damage to the rear driver's side chrome and rubber trim[,]" and photos were taken. Based on these reports, the State demonstrated a subjective belief that probable cause existed. See HRS § 291C-13. The belief that probable cause existed was objectively reasonable where, based on the aforementioned facts, "a person of ordinary caution or prudence" would "believe and conscientiously entertain a strong suspicion of" Myers's guilt. See State v. Naeole, 80 Hawai'i 419, 424, 910 P.2d 732, 737 (1996).

Myers's claim that her vehicle was not damaged, and that the deputy prosecutors should have inspected her car months after the alleged incident, did not negate probable cause. The district court did not abuse its discretion in determining that there was probable cause to support the prosecution.

Moreover, with regard to the third prong of the test set forth in Arquette, that the action was maintained with malice, the Hawai'i Supreme Court explained:

> Thus, in order to establish the element of malice for a malicious prosecution claim, a plaintiff must show *inter alia* that the defendant initiated the prior proceeding with the intent, without justification or excuse, to commit a wrongful act and the emphasis is on the misuse of criminal or civil actions as a means for causing harm.
>
> This court has acknowledged that it is true that malice is seldom the subject of a confession by the wrongdoer. It usually must be proved by inferences from other evidence.

128 Hawai'i at 437, 290 P.3d at 507 (citations, quotation marks, and brackets omitted).

Here, given that there was a sufficient basis for the district court to determine there was probable cause and where Myers did not present evidence of an intent by the prosecution to commit a wrongful act, there was no malice indicated on the part of the prosecution.

Because the State had probable cause for the prosecution, the State did not violate HRPC Rule 3.8. Because Myers failed to satisfy two prongs of the Arquette standard, she failed to show the State committed malicious prosecution. The

4

district court did not abuse its discretion by denying the Motion for Sanctions.

Therefore, IT IS HEREBY ORDERED that the denial of the Motion for Sanction set forth in the Notice of Entry of Judgment and/or Order and Plea/Judgment, entered by the District Court of the First Circuit, Honolulu Division, on March 9, 2018, is affirmed.

DATED: Honolulu, Hawai'i, June 12, 2019.

On the briefs:

Earle A. Partington,
          and
R. Patrick McPherson,
for Defendant-Appellant.

Loren J. Thomas,
Deputy Prosecuting Attorney,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge